**BRYAN CAVE LLP**
K. Lee Marshall, California Bar No. 277092
Meryl Macklin, California Bar No. 115053
Daniel Thomas Rockey, California Bar No. 178604
333 Market Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
Email:           klmarshall@bryancave.com
                      meryl.macklin@bryancave.com
                      daniel.rockey@bryancave.com

Attorneys for Defendant
REGUS MANAGEMENT GROUP, LLC

E-filing

ORIGINAL
FILED
JUL 30 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

CV   12   4000

| | |
|---|---|
| CIRCLE CLICK MEDIA LLC, a California limited liability company, on behalf of itself and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>REGUS MANAGEMENT GROUP LLC, a Delaware limited liability company, REGUS BUSINESS CENTRE LLC, a Delaware limited liability company; REGUS plc, a Jersey, Channel Islands, public limited company; and DOES 1 through 50,<br><br>        Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(San Francisco County Superior Court Case No. CGC-12-520600) |

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

FAXED

1  **TO PLAINTIFF, ITS ATTORNEYS OF RECORD, AND THE CLERK OF THE**

2  **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

3  **CALIFORNIA:**

4       PLEASE TAKE NOTICE THAT pursuant to the Class Action Fairness Act ("CAFA"), 28

5  U.S.C. §§ 1332 and 1453 and 28 U.S.C. §§ 1441 and 1446, Defendant Regus Management Group,

6  LLC ("Removing Defendant") hereby removes the above-referenced action filed by Plaintiff

7  Circle Click Media LLC ("Plaintiff"), from the Superior Court of the State of California, County

8  of San Francisco, to the United States District Court for the Northern District of California, and in

9  support of this removal states as follows:

10 **I.    PROCEDURAL HISTORY**

11      1.    On or about May 8, 2012, Plaintiff filed a Complaint in the Superior Court of the

12 State of California, County of San Francisco entitled *Circle Click Media LLC, et al. v. Regus*

13 *Management Group, LLC, et al.*, San Francisco County Case No. CGC-12-520600.  The

14 Complaint asserts a total of five causes of action against Removing Defendant and two additional

15 defendants, Regus Business Centre, LLC, and Regus plc.  The causes of action are labeled

16 Violation of California Business and Professions Code §§ 17200, *et seq.*, Violation of California

17 Business and Professions Code §§ 17500, *et seq.*, Concealment/Suppression, Negligent

18 Misrepresentation, and Intentional Misrepresentation.  A true and correct copy of the Summons

19 and Complaint is attached as Exhibit "1."

20      2.    Removing Defendant was served with the Complaint by personal service on June

21 28, 2012.  A true and correct copy of the Proof of Service is attached as Exhibit "2."

22      3.    Defendant Regus Business Centre, LLC, was served with the Complaint by

23 personal service on June 28, 2012.  A true and correct copy of the Proof of Service is attached as

24 Exhibit "3."

25      4.    Defendant Regus plc was served with the Complaint by substituted service on June

26 28, 2012.  A true and correct copy of the Proof of Service is attached as Exhibit "4."

27 **II.   TIMELINESS OF REMOVAL**

28      5.    Removing Defendant and Regus Business Centre, LLC, were personally served on

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  June 28, 2012.  Pursuant to California Code of Civil Procedure Section 415.20(a), substituted

2  service on Defendant Regus plc was effective on July 9, 2012.

3        6.     This Notice of Removal is being filed on July 30, 2012 and is timely under 28

4  U.S.C. §§ 1446(b) and 1453(b).

5  **III.**    **BASIS FOR REMOVAL JURISDICTION**

6        7.     This action is a civil action of which this Court has original jurisdiction under

7  CAFA, 28 U.S.C. § 1332(d).  CAFA provides that a district court has original jurisdiction over a

8  class action that has at least 100 plaintiffs, involves an amount in controversy over $5,000,000,

9  and has minimal diversity between any member of the class of plaintiffs and any defendant.  28

10  U.S.C. §§ 1332(d)(2), 1332(d)(5).  Each of the requirements for removal is met here.

11      **A.**    **Number of Class Members**

12        8.     Plaintiff defines the class as "all persons who paid for office space in California

13  from Defendants and who were charged any fees over the monthly office fee indicated in

14  Defendants' office agreement or similar agreement."  (Compl., ¶ 15.)  Plaintiff concedes the total

15  number of class members exceeds 100 plaintiffs.  (Compl., ¶ 16.)

16        9.     In addition, Removing Defendant has confirmed that, within the four years prior to

17  the filing of the Complaint, more than 100 persons or entities entered into agreements for office

18  space with Removing Defendant and paid for service fees in addition to the monthly office fee.

19  (Declaration of Michael Osburn ¶ 2 ("Osburn Decl.").)  Thus, the minimal number of class

20  members requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

21      **B.**    **Minimal Diversity of Citizenship**

22        10.    For purposes of establishing federal jurisdiction, CAFA requires only minimal

23  diversity – that at least one class member is of diverse citizenship from at least one defendant.  28

24  U.S.C. § 1332(d)(2)(A).

25        11.    Plaintiff is a California limited liability company with its principal place of

26  business in San Francisco, California.  (Compl., ¶ 6.)  Thus, under CAFA, Plaintiff is a citizen of

27  California.  28 U.S.C. § 1332(d)(10); *see also Roling v. E\*Trade Securities, LLC*, 756 F. Supp. 2d

28  1179, 1185 (N.D. Cal. 2010) (applying 28 U.S.C. § 1332(d)(10) to defendant limited liability

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   company for purpose of diversity of citizenship under CAFA).

2         12.     Removing Defendant is a Delaware limited liability company, formed under the

3   laws of Delaware, with its principal place of business in Addison, Texas.  Thus, under CAFA,

4   Removing Defendant is a citizen of Delaware and Texas.  28 U.S.C. § 1332(d)(10); *see also*

5   *Roling*, 756 F. Supp. 2d at 1185.

6         13.     Defendant Regus Business Centre, LLC, is a Delaware limited liability company,

7   formed under the laws of Delaware, with its principal place of business in Addison, Texas.  Thus,

8   under CAFA, Regus Management Group, LLC, is a citizen of Delaware and Texas.  28 U.S.C. §

9   1332(d)(10); *see also Roling*, 756 F. Supp. 2d at 1185.

10        14.     Defendant Regus plc is a foreign public limited company incorporated and

11  registered in Jersey, Channel Islands, with its principal place of business in Luxembourg City,

12  Luxembourg.  Thus, Regus plc is a citizen of the Channel Islands and Luxembourg.  28 U.S.C.

13  § 1332(c)(1).  There is no personal jurisdiction over Regus plc in California state or federal courts.

14  Regus Management Group LLC's entry of appearance and removal of this matter to federal court

15  does not and shall not be construed to waive Regus plc's right to contest personal jurisdiction.

16        15.     Accordingly, the minimal diversity requirement of CAFA is satisfied.  28 U.S.C.

17  § 1332(d)(2)(A).  Further, no statutory exception to CAFA jurisdiction applies to this action.  *See*

18  28 U.S.C. §§ 1332(d)(3), (d)(4), (d)(9), 1453(d).

19        **C.     Amount in Controversy**

20        16.     Pursuant to CAFA, the claims of the individual members in a putative class action

21  are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

22  28 U.S.C. § 1332(d)(2)(6).

23        17.     The Complaint alleges that Removing Defendant, Regus Business Centre, LLC,

24  and Regus plc failed to adequately disclose, *inter alia*, the following fees in their agreements for

25  office space:

26              a)   Kitchen amenities/beverage fee;

27              b)   Office restoration fee;

28              c)   Business continuity fee;

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1        d)  Telephone line fee;

2        e)  Telecom handset fee;

3        f)  "Free Talk" fee;

4        g)  Local telephone usage fee;

5        h)  Long distance telephone usage fee;

6        i)  International telephone usage fee;

7        j)  Fee for non-use of telephone services;

8        k)  Items charged as a "tax";

9        l)  Wear and tear fee;

10       m) Penalties;

11       n)  Liquidated damages

12      (Compl., ¶ 29.)

13     18.    Based on these allegations, Plaintiff seeks the following relief from Removing

14 Defendant, Regus Business Centre, LLC, and Regus plc:

15        a)  Restitution of "wrongfully obtained revenues, earnings, profits, compensation,

16           and benefits" (Compl., Prayer for Relief, ¶ 4);

17        b)  General damages for each of Plaintiff's causes of action (*Id.*, ¶¶ 5-9);

18        c)  Special damages (*Id.*, ¶ 10);

19        d)  Punitive damages (*Id.*, ¶ 11);

20        e)  Attorneys' fees, including statutory fees under California Code of Civil

21           Procedure Section 1021.5 (*Id.*, ¶ 13).

22     19.    Removing Defendant does not concede that it engaged in any unlawful conduct or

23 that a class can be certified.  However, considering the various forms of relief requested by

24 Plaintiff and the class, the amount in controversy exceeds the $5,000,000 threshold.

25     20.    Based on a review of its records, Removing Defendant has confirmed that, during

26 the four years prior to the filing of this action on May 8, 2012, it has charged more than

27 $5,000,000 worth of the fees described in Paragraph 29 of Plaintiff's Complaint to customers in

28 California.  (Osburn Decl., ¶ 3.)  Because Plaintiff requests restitution of alleged "wrongfully

1  obtained revenues, earnings, profits, compensation and benefits," there is necessarily more than

2  $5,000,000 in controversy in this action.

3      21.    Plaintiff's claims for awards of punitive damages and attorneys' fees also create a

4  significant additional amount in controversy, even though Plaintiff has not specified the amount it

5  seeks to recover.

6      22.    Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(d)(6) is

7  satisfied.

8  **IV.    PROCEDURES FOR REMOVAL**

9      23.    Exhibit 1 constitutes all process, pleadings, and orders received and obtained by

10  Removing Defendant in the State Court Action. 28 U.S.C. § 1446(a).

11      24.    Pursuant to 28 U.S.C. § 1446(d), Removing Defendant is filing a copy of this

12  Notice of Removal with the Superior Court of the State of California for the County of San

13  Francisco, and is serving a copy of the same upon Plaintiff.

14      25.    Removing Defendant is not required to obtain the consent of defendants Regus

15  Management Group, LLC, and Regus plc in order to remove this action. 28 U.S.C. § 1453(b).

16  **V.    NOTICE TO STATE COURT**

17      26.    A copy of this Notice of Removal is being filed with the Clerk of the Superior

18  Court for the County of San Francisco as an exhibit to the Notice to Parties and State Court of

19  Removal of Civil Action to Federal Court. A copy of the Notice to Parties and State Court of

20  Removal of Civil Action to Federal Court being filed in state court is attached hereto (without

21  exhibits) as Exhibit "5."

22  **VI.    INTRADISTRICT ASSIGNMENT**

23      27.    Pursuant to Local Rules 3-2(c) and (d), the San Francisco/Oakland division of the

24  Northern District of California has jurisdiction over this Action, because Plaintiff resides in the

25  County of San Francisco, and this Action arises in the County of San Francisco and is being

26  removed from the Superior Court for the County of San Francisco.

27      WHEREFORE, Removing Defendant hereby gives notice that the above action now

28  pending in the Superior Court of the State of California for the County of San Francisco is

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   removed in its entirety to this Court.

2

3   Dated: July 30, 2012                      **BRYAN CAVE LLP**

4

5                                             By:

6                                                 K. Lee Marshall
                                                Attorneys for Defendant
7                                             REGUS MANAGEMENT GROUP, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>See Attachment – Summons Exhibit A<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>CIRCLE CLICK MEDIA LLC, a California limited liability company, on<br>behalf of itself and on behalf of all others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>C G C - 1 2 - 5 2 0 6 0 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ali Aalaei, 22 Battery Street, Suite 1000, San Francisco, CA 94111, 415-357-3600

| DATE:<br>*(Fecha)* MAY 0 8 2012 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* D. STEPPE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  REGUS PLC

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):*  Public Limited Company (PLC)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

)                                              )

**Attachment – Summons Exhibit A**

**NOTICE TO DEFENDANT:**

REGUS MANAGEMENT GROUP, LLC, a Delaware limited liability company, REGUS
BUSINESS CENTRE LLC, a Delaware limited liability company; REGUS PLC, a
Jersey, Channel Islands, public limited company; and DOES 1-50,

**GAROFOLO LAW GROUP, P.C.**
JOSEPH A. GAROFOLO, State Bar No. 214614
KELLY A. WEEKES, State Bar No. 269959
22 Battery St., Suite #1000
San Francisco, CA 94111
Tel: 415-981-8500
Fax: 415-981-8870

**ARI LAW, P.C.**
ALI AALAEI, State Bar No. 254713
BO ZENG, State Bar No. 281626
22 Battery St., Suite #1000
San Francisco, CA 94111
Tel: 415-357-3600
Fax: 415-357-3602

Attorneys for Plaintiffs

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 MAY -8 AM 11: 02

CLERK OF THE COURT

BY:
DEPUTY CLERK

D. STEPPS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

### UNLIMITED JURISDICTION

CIRCLE CLICK MEDIA LLC, a
California limited liability company, on
behalf of itself and on behalf of all others
similarly situated,

                    Plaintiff,

vs.

REGUS MANAGEMENT GROUP, LLC,
a Delaware limited liability company,
REGUS BUSINESS CENTRE LLC, a
Delaware limited liability company;
REGUS PLC, a Jersey, Channel Islands,
public limited company; and DOES 1-50,

                    Defendants.

CASE NO.   C G C - 1 2 - 5 2 0 6 0 0

**CLASS ACTION COMPLAINT FOR:**

1. **VIOLATIONS OF CALIFORNIA
   BUSINESS AND PROFESSIONS CODE
   §§ 17200, *ET SEQ.*;**
2. **VIOLATIONS OF CALIFORNIA
   BUSINESS AND PROFESSIONS CODE
   §§ 17500, *ET SEQ.*;**
3. **CONCEALMENT/SUPPRESSION;**
4. **NEGLIGENT MISREPRESENTATION;
   AND**
5. **INTENTIONAL MISREPRESENTATION**

**JURY TRIAL DEMANDED**

1    Plaintiff Circle Click Media LLC, on its own behalf and on behalf of all other persons

2    similarly situated, and demanding a trial by jury, alleges as follows:

3                    **I.       INTRODUCTION**

4        1.     This class action lawsuit arises out of the unfair business practices of Defendants

5    (collectively, "Regus").   Regus provides commercial office space throughout California and

6    holds itself out as the world's largest provider of workplaces.   However, Regus fails to adequately

7    disclose numerous fees when advertising its space and deceives clients into reasonably believing

8    that the total price that they will pay for Regus' office space is less than Regus actually charges.

9    Regus misleads clients into believing that the purported terms and conditions of the office space

10   are set forth in a simple one-page document.   After clients sign Regus' agreement indicating the

11   total monthly payment, Regus routinely assesses additional improper and unreasonable charges to

12   clients.   Regus' business practices constitute a systematic and widespread failure to adequately

13   disclose charges to its office space clients.

14       2.     Regus' egregious and unscrupulous business practices have harmed Plaintiff and,

15   upon information and belief, numerous other persons in California.   This class action is brought

16   on behalf of Plaintiff, and on behalf of all others similarly situated, and seeks relief, including, but

17   not limited to, punitive damages, from Regus for its conduct.

18                **II.      JURISDICTION AND VENUE**

19       3.     Plaintiff's claims arise and are brought pursuant to California Business and

20   Professions Code §§ 17203 and 17204 for restitution and/or disgorgement of all revenues,

21   earnings, profits, compensation, and benefits obtained by Defendants resulting from their

22   unlawful, unfair, and fraudulent business acts and practices and/or unfair, deceptive, untrue or

23   misleading advertising alleged herein as prohibited by California Business and Professions Code

24   §§ 17200, *et seq.*, known as the Unfair Competition Law ("UCL").   Jurisdiction may also be

25   exercised over Defendants by virtue of California Code of Civil Procedure § 410.10, California's

26   long arm statute.   Plaintiff and the class do not assert any claims under federal law.

27       4.     Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this action

28   individually and as a class on behalf of all persons who paid for office space in California from

1    any of the Defendants and who were charged any fees over the monthly office fee indicated in the

2    office agreement or similar agreement.

3        5.    Upon information and belief, venue is proper as to each Defendant in this judicial

4    district pursuant to California Business and Professions Code § 17203 and California Code of

5    Civil Procedure §§ 395(a) and 395.5.  Upon information and belief, each Defendant set forth

6    herein maintains an office, transacts business, advertises or offers products for sale, has an agent,

7    or is found in the City and County of San Francisco and is within the jurisdiction of this Court for

8    purposes of service of process.  The unlawful acts alleged herein had a direct effect on consumers

9    within the State of California, including consumers in the City and County of San Francisco, and

10   the trade and commerce described below has been carried on within the State of California,

11   including the City and County of San Francisco.

12                        **III.    PARTIES**

13       6.    Plaintiff Circle Click Media LLC ("Circle Click") is, and at all times relevant

14   hereto was, a California limited liability company, organized, existing, and operating under the

15   laws of California, with a principal place of business in San Francisco, California.

16       7.    Upon information and belief, Defendant Regus Management Group, LLC is a

17   company organized and existing under the laws of Delaware doing business in California and

18   registered with the California Secretary of State.  Upon information and belief, Regus

19   Management Group, LLC has facilities and personnel and, upon information and belief, transacts

20   substantial business in California.

21       8.    Upon information and belief, Defendant Regus Business Centre LLC is a company

22   organized and existing under the laws of Delaware doing business in California and registered

23   with the California Secretary of State.  Upon information and belief, Regus Business Centre LLC

24   has facilities and personnel and, upon information and belief, transacts substantial business in

25   California.

26       9.    Upon information and belief, Defendant Regus plc is a foreign public limited

27   company incorporated and registered in Jersey, Channel Islands.  Upon information and belief,

28   Regus plc is a parent, member, and/or owner of Defendants.  Upon information and belief, Regus

1    plc transacts substantial business in California, including, but not limited to, advertising on its

2    website.

3        10.     Upon information and belief, at all times relevant hereto, Defendants were acting

4    as the agents, ostensible agents, employees, servants, partners, aiders and abettors, co-

5    conspirators, and/or joint venturers of Regus plc, and in performing the acts and course of

6    conduct set forth herein, Defendants were acting within the course and scope of such agency or

7    employment, and Defendant Regus plc approved, ratified, permitted, condoned and/or affirmed

8    the acts and course of conduct set forth herein.

9        11.     Upon information and belief, at all times relevant hereto, a unity of interest in

10    ownership existed between Defendants such that any individuality and separateness between them

11    has ceased and each is the alter ego of each other and exerted control over the other. Adherence

12    to the fiction of the separate existence of each Defendant as an entity distinct from the other

13    Defendants would permit an abuse of the corporate privilege and sanction fraud and promote

14    injustice. Defendants are alter egos and comprise a single enterprise.

15        12.     Plaintiff is ignorant of the true names and capacity of Defendants sued herein as

16    Does 1-50, and alleges that Does 1-50 are agents of the other Defendants, and therefore, sues

17    these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true

18    names and capacities of Does 1-50 when ascertained.

19        13.     Upon information and belief, there is a complete unity of interests and ownership

20    among Defendants and their subsidiaries and affiliates, such that there is no corporate

21    separateness and independence among said entities and each of said entities is merely the agent

22    and instrumentality of each other. By reason of the above facts, recognition of the independent

23    identity of the Defendants would perpetuate a fraud upon Plaintiff and the class such that each of

24    said Defendants should be regarded as an alter ego of each other and held responsible for each

25    other's obligations and liabilities.

26            IV.     CLASS ACTION ALLEGATIONS

27        14.     In addition to prosecuting this action as a private attorney general on behalf of the

28    general public pursuant to Business and Professions Code § 17204, Plaintiff brings this class

1    action pursuant to Code of Civil Procedure § 382.

2         15.    Plaintiff brings this action on behalf of all persons who paid for office space in

3    California from Defendants and who were charged any fees over the monthly office fee indicated

4    in Defendants' office agreement or similar agreement (the "Class"). Excluded from the Class are

5    governmental entities, Defendants, Defendants' affiliates, parents, subsidiaries, employees,

6    officers, directors, and co-conspirators.  Also excluded from the Class is any judge, justice, or

7    judicial officer presiding over this matter and the members of their immediate families and

8    judicial staff.

9         16.    Plaintiff is unaware of the exact size of the Class because such information in the

10   exclusive control of Defendants.  Due to the nature of the trade and commerce involved, Plaintiff

11   is informed and believes that the total number of Class members is in excess of 100 and members

12   of the Class are so numerous and geographically dispersed across the State of California that

13   joinder of all Class members would be impracticable.

14        17.    Defendants have acted with respect to the Class in a manner generally applicable

15   to each Class member.  There is a well-defined community of interest in the questions of law and

16   fact involved in the action, which affect all Class members.  The questions of law or fact common

17   to the Class predominate over any questions affecting only individual members, including, but not

18   limited to the following:

19        a.    Whether Defendants' practices are unlawful, unfair, or fraudulent and/or constitute

20   unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Law,

21   Business & Professions Code § 17200, *et seq.*;

22        b.    Whether Defendants advertising constitutes false or misleading advertising within

23   the meaning of Business & Professions Code §§ 17500, *et seq.*, or violates the Unfair

24   Competition Law, Business & Professions Code § 17200, *et seq.*;

25        c.    Whether Defendants concealed and/or suppressed the charges that they would

26   assess in connection with office space leased by Plaintiff and the Class;

27        d.    Whether Defendants negligently misrepresented to Plaintiff and the Class the total

28   monthly amount payable in connection with office space;

1   e. Whether Defendants intentionally misrepresented to Plaintiff and the Class the

2 total monthly amount payable in connection with office space; and

3   f. Whether Plaintiff and the Class have suffered harm by the wrongs complained of

4 herein and, if so, the Class-wide measure of harm and the nature and extent of other relief that

5 should be afforded.

6   18. The claims of Plaintiff are typical of the claims of the other members of the Class

7 in that all members of the Class have been harmed in substantially the same way by the actions of

8 Defendants.

9   19. Plaintiff will fairly and adequately represent and protect the interests of the Class

10 members.  Plaintiff has retained competent counsel with experience in complex and class action

11 litigation.

12   20. A class action is superior to other available methods for the fair and efficient

13 adjudication of the controversy.  The prosecution of separate actions by individual members of

14 the Class would create the risk of inconsistent and varying adjudications with respect to

15 individual members of the Class which would establish incompatible standards of conduct for

16 Defendants, or adjudications with respect to individual members of the Class which would, as a

17 practical matter, be dispositive of the interests of the other members not parties to the

18 adjudications or substantially impair or impede their ability to protect their interests.

19   21. Considering the complexity of the issues and the expense that an individual

20 plaintiff would incur if he or she attempted to obtain relief from large corporate Defendants,

21 including, but not limited to, multinational corporations such as Regus plc, the separate claims of

22 individual Class members are monetarily insufficient to support separate actions.  Due to the size

23 of the individual Class members' claims, upon information and belief, few Class members could

24 afford to seek legal redress for the wrongs complained of herein.

25   22. The proposed Class satisfies the certification criteria of Code of Civil Procedure §

26 382.

27

28

## V.   FACTUAL BACKGROUND

23.     Defendants offer office space throughout California.  Defendants advertise their office space on their website, commercial real estate advertising publications, and internet advertising sources such as Craigslist.

24.     Defendants advertise their office space as a cost-effective solution to the needs of businesses.  Defendants represent that clients save up to 60% with Regus office space as compared to conventional space.

25.     Defendants advertise that they offer a simple and easy arrangement with a simple one-page document with no additional complications.

26.     Plaintiff Circle Click executed a document (the "Office Agreement") provided by Defendants in San Francisco.  Defendants' Office Agreement was executed on or around April 29, 2011, and set forth, *inter alia*, that the total monthly payment after the first month would be $2,461.

27.     Defendants represented to Plaintiff that Plaintiff would be guaranteed a minimum 512K of bandwidth pursuant to an additional fee for "bandwidth on demand;" however, on information and belief, this amount of bandwidth was not provided to Plaintiff.

28.     Defendants require a security deposit on or about the time of the execution of the Office Agreement and charged Plaintiff a security deposit.

29.     Defendants fail to adequately disclose, *inter alia*, the following in their Office Agreement:

a.     A mandatory kitchen amenities/beverage fee;

b.     An unreasonable "Office Restoration" fee;

c.     An unreasonable charge upon expiration of the term shown on the Office Agreement purportedly for the handling of mail, faxes, telephone calls, and visitors;

d.     A charge for a telephone line;

e.     A charge for a telecom handset;

f.     A charge for "Free Talk;"

1   g.   A charge for local telephone usage;

2   h.   A charge for long distance telephone usage;

3   i.   A charge for international telephone usage;

4   j.   A fee for non-use of telephone services;

5   k.   Charges for items that Defendants assert are a "tax;"

6   l.   An unreasonable "Wear & Tear" fee;

7   m.   Unreasonable penalties; and

8   n.   Unreasonable liquidated damages.

9      30.   Defendants charged Plaintiff for a security deposit based upon the amount of

10   office rent, and this security deposit was used as leverage to compel payment of other charges

11   allegedly due under the Office Agreement.

12                          **VI.   CAUSES OF ACTION**

13                          <u>**FIRST CAUSE OF ACTION**</u>

14            **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS**

15                          **CODE §§ 17200, ET SEQ.**

16      31.   Plaintiff realleges the preceding paragraphs as if fully set forth herein.

17      32.   This cause of action is brought on behalf of the Plaintiff and the Class in

18   accordance with the provisions of California Business & Professions Code § 17200, *et seq.*

19   Plaintiff and the Class have lost money or property as a result of the actions of the Defendants as

20   set forth herein.

21      33.   Defendants actions as alleged in this Complaint constitute unfair and deceptive

22   business practices within the meaning of California Business & Professions Code § 17200 in that

23   Defendants' actions were unlawful, unfair, and/or fraudulent and because Defendants have made

24   unfair, deceptive, untrue and/or misleading statements within the meaning of California Business

25   & Professions Code § 17200, *et seq.*, in their advertising materials, including, but not limited to,

26   their website.

27      34.   Defendants' business practices are to assess charges above the monthly rent

28   payment which are not adequately disclosed, are unreasonably priced, and/or are not correlated to

1   work actually performed and/or goods or services actually rendered.  Defendants' business acts

2   and practices are unfair because they offend established public policy and/or are immoral,

3   unethical, oppressive, unscrupulous, misleading and/or substantially injurious to clients.

4   Defendants' business practices are not justified by legitimate business purpose.

5          35.    Defendants' business practices are to require the payment of money as a

6   condition of initiating, continuing, and/or renewing the Office Agreement without stating the

7   amount of such payment in the Office Agreement which constitutes a lease subject to California

8   Civil Code § 1950.8.  Defendants' business acts and practices are unlawful because the

9   assessment of such charges is prohibited under California Civil Code § 1950.8.

10          36.    Defendants' business practices are to charge a liquidated damage charge based

11   on the percentage of the entire unpaid principal balance which constitutes an unreasonable

12   liquidated damage charge within the meaning of California Civil Code § 1671(b).  Defendants'

13   business acts and practices are unlawful because the assessment of such charges is prohibited

14   under California Civil Code § 1671(b).

15          37.    Defendants represent in the Office Agreement that a total monthly payment will

16   be due.  However, after the first month, additional charges not adequately disclosed are assessed

17   beyond the total monthly payment shown in the Office Agreement in violation California Civil

18   Code §§ 1572, 1709, and/or 1710.  Defendants' conduct is unlawful because such

19   representation is prohibited under California Civil Code §§ 1572, 1709, and/or 1710.

20          38.    Defendants advertising, including, but not limited to, advertising on their website

21   and failure to disclose their practices constitutes false or misleading advertising within the

22   meaning of Business & Professions Code §§ 17500, et seq., because Defendants either knew or

23   reasonably should have known that such advertising was untrue and/or misleading.  Defendants'

24   conduct is unlawful because Business & Professions Code §§ 17500, et seq., prohibits such

25   untrue and/or misleading advertising and makes the same a misdemeanor.

26          39.    Defendants' advertising and failure to disclose their practices likely deceive

27   clients and the public and, therefore, constitute a fraud.  Defendants' business acts and practices

28   are fraudulent because clients and the public are likely to be deceived by Defendants'

CLASS ACTION COMPLAINT

1   advertising and Plaintiff was actually misled and deceived.

2        40. Defendants' advertising and failure to disclose their practices is unfair, deceptive,

3   untrue and/or misleading because clients and the public are likely to be deceived by Defendants'

4   advertising. Plaintiff was actually misled and deceived.

5        41. Plaintiff and the Class have lost money or property as a result of the actions of

6   the Defendants as set forth herein.

7   **SECOND CAUSE OF ACTION**

8   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS**

9   **CODE §§ 17500, ET SEQ.**

10       42. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

11       43. Defendants advertising, including, but not limited to, advertising on their website,

12  and failure to disclose their practices constitutes false or misleading advertising within the

13  meaning of Business & Professions Code §§ 17500, *et seq.*, because Defendants either knew or

14  reasonably should have known that such advertising was untrue and/or misleading and plaintiff

15  relied on Defendants' representations. Defendants' violation of §§ 17500, *et seq.*, also constitutes

16  a violation of Business & Professions Code §§ 17200, *et seq.*

17       44. Plaintiff and the Class have lost money or property as a result of the actions of the

18  Defendants as set forth herein.

19  **THIRD CAUSE OF ACTION**

20  **CONCEALMENT/SUPRESSION**

21       45. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

22       46. Defendants concealed, suppressed, and failed to disclose all of the charges that

23  they would assess in connection with office space leased by Plaintiff and the Class.

24       47. Defendants had a duty to disclose the charges that they would asses to Plaintiff and

25  the Class in connection with office space on or before the time that the Office Agreement or

26  similar agreement was entered into by Plaintiff and members of the Class.

27       48. Defendants intentionally suppressed, concealed, and failed to disclose the true

28  charges that they would assess with the intent to defraud Plaintiff and the Class.

49.     Plaintiff and the members of the Class were unaware of the true charges that Defendants would assess and would not have agreed to such charges and/or executed the Office Agreement had they been informed of liability for such charges.

50.     As a result of Defendants' suppression, concealment, and failure to disclose the true charges that they would assess, Plaintiff and the Class entered into the Office Agreement or similar agreements and suffered damage.

51.     Defendants acts constitute oppression, fraud, and/or malice under California Civil Code § 3294, entitling Plaintiff and the class to punitive damages in an amount appropriate to punish and deter Defendants and others from similar practices.

### FOURTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

52.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

53.     Defendants made representations as to a past or existing material fact, namely Defendants falsely represented to Plaintiff and the Class that the total monthly amount payable in connection with office space would be less than the minimum amount that actually would be charged.

54.     The representations were false.

55.     Regardless of their actual belief, Defendants made the representations without any reasonable ground for believing them to be true.

56.     The representations were made with the intent to induce Plaintiff and the Class to rely upon them.

57.     Plaintiff and the Class acted in reliance upon the truth of the representations and were justified in relying upon the representations.

58.     As a result of the reliance upon the truth of the representations, Plaintiff and the Class sustained damage from the misrepresentations and Defendants' misrepresentations were a substantial factor in causing such damage.

## FIFTH CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

59.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

60.    Defendants made representations as to a past or existing material fact, namely Defendants falsely represented to Plaintiff and the Class that the total monthly amount payable in connection with office space would be less than the minimum amount that actually would be charged.

61.    The representations were false.

62.    Defendants knew that the representations were false when they made them or Defendants acted recklessly and without regard for the truth.

63.    The representations were made with the intent to induce Plaintiff and the Class to rely upon them.

64.    Plaintiff and the Class acted in reliance upon the truth of the representations and were justified in relying upon the representations.

65.    As a result of the reliance upon the truth of the representations, Plaintiff and the Class sustained damage from the misrepresentations and Defendants' misrepresentations were a substantial factor in causing such damage.

66.    Defendants acts constitute oppression, fraud, and/or malice under California Civil Code § 3294, entitling Plaintiff and the class to punitive damages in an amount appropriate to punish or set an example of Defendants.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter an order and judgment against the Defendants as follows:

1.    Certifying this action as a class action;

2.    Adjudging and decreeing that Defendants, and each of them, have engaged in the conduct alleged herein;

3.    Awarding Plaintiff and the Class injunctive relief for Defendants' violations set forth herein;

1    4.    Awarding Plaintiff and the Class restitution, including, but not limited to

2  disgorgement of Defendants' wrongfully obtained revenues, earnings, profits compensation, and

3  benefits pursuant to California business and Professions Code §§ 17203 and 17204, for

4  Defendants' violations of Business & Professions Code §§ 17200, *et seq.*, and 17500 *et seq.*

5    5.    Awarding Plaintiff and the Class damages for Defendants' violation of California

6  Civil Code § 1950.8;

7    6.    Awarding Plaintiff and the Class damages for Defendants' fraudulent

8  concealment/suppression;

9    7.    Awarding Plaintiff and the Class damages for Defendants negligent

10  misrepresentation;

11    8.    Awarding Plaintiff and the Class damages for Defendants' intentional

12  misrepresentation;

13    9.    Awarding Plaintiff and the Class general damages;

14    10.   Awarding Plaintiff and the Class special damages;

15    11.   Awarding Plaintiff and the Class punitive damages;

16    12.   Awarding Plaintiff and the Class pre- and post-judgment interest as allowed by

17  law;

18    13.   Awarding costs and expenses and attorney's fees pursuant to Code of Civil

19  Procedure § 1021.5, a common fund theory, and/or any other theory or statutory basis; and

20    14.   Granting such other and further relief that this Court may deem just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## VIII.   JURY TRIAL DEMAND

2      Plaintiff, on its own behalf and on behalf of all others similarly situated, hereby demands a

3 trial by jury.

4

Dated: May 7, 2012                              Respectfully submitted,

5

6                                               **GAROFOLO LAW GROUP, P.C.**
                                                **ARI LAW, P.C.**
7

8

9                                               By: _____
                                                      Joseph A. Garofolo
10                                              Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ali Aalaei, State Bar No. 254713<br>Ari Law, P.C.<br>22 Battery Street, Suite #1000<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-357-3600   FAX NO.: 415-357-3602<br>ATTORNEY FOR *(Name):* Circle Click Media LLC | ENDORSED<br>FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2012 MAY -8  AM 11: 02<br><br>CLERK OF THE COURT<br>BY:<br>DEPUTY CLERK<br>D. STEPP |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Unlimited

CASE NAME:
Circle Click Media LLC v. Regus Management Group, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>C G C - 1 2 - 5 2 0 6 0 0 |
|---|---|---|---|---|
| [✔] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✔] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✔] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✔] Substantial amount of documentary evidence
   d. [✔] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✔] monetary   b.[✔] nonmonetary; declaratory or injunctive relief   c.[✔] punitive
4. Number of causes of action *(specify):* 5
5. This case [✔] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 7, 2012

Ali Aalaei
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRU...IONS ON HOW TO COMPLETE THE CC...R SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

CASE NUMBER: CGC-12-520600  CIRCLE CLICK MEDIA LLC A CALIFORNIA LIMITED VS. RE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | OCT-10-2012 | |
| **TIME:** | 2:00PM | |
| **PLACE:** | Department 610 | |
| | 400 McAllister Street | |
| | San Francisco, CA  94102-3680 | |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy.  Attorneys are encouraged to share this guide with clients.  By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

   1)    Judicial Arbitration
   2)    Mediation
   3)    The Early Settlement Program (ESP) in conjunction with the
         San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.  When the Court orders a case to arbitration it is called judicial arbitration.  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.  Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties.  It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process.  Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

ADR-1  12/10 (rw)                              Page 7

### Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

***Cost***

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>DEPARTMENT  610 |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**          ☐ **Mediation Services of BASF**    ☐ **Judicial Mediation**
☐ **Binding arbitration**                                            Judge _____
☐ **Non-binding judicial arbitration**                               Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  05/10          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                 FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | CASE NUMBER: |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:                              Time:                    Dept.:              Div.:              Room:
Address of court *(if different from the address above):*

  ☐  **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☐ complaint  ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

)                                        )

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before
         arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days
         before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed
         the statutory limit.
   f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil
         Procedure section 1141.11.
   g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
      action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

        <u>Party</u>                       <u>Description</u>                       <u>Date</u>

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____      ► _____
         (TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

_____      ► _____
         (TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

                                      ☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

    The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Linda Colfax | The Honorable Tomar Mason |
| The Honorable Michael Begert | The Honorable James J. McBride |
| The Honorable Gail Dekreon | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Curtis Karnow | The Honorable Monica F. Wiley |
| The Honorable Charlene P. Kiesselbach | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | The Honorable Charlotte W. Woolard |

    Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2011 (ja)

# MEDIATION SERV

## MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

Voted one of the top ADR Providers in the second annual "Best of the Best Awards" 2010 & 2011

### TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

**PROCEDURES, POLICIES, FORMS, MEDIATOR PROFILES AND MORE AT SFBAR.ORG/MEDIATE**

adr@sfbar.org · 415-982-1600

## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS:

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family–Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice–Legal/Medical/Professional
Partnership Dissolution
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# EXHIBIT 2

# ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ali A Aalaei, 254713 | |
| Ari Law, P.C. | |
| 22 Battery Street, Suite #1000 | FILED |
| San Francisco, CA 94111 | Superior Court of California |
| TELEPHONE NO.: (415) 357-3600 | County of San Francisco |
| ATTORNEY FOR *(Name)*: Plaintiff | JUL 09 2012 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street, Family Court
San Francisco, CA 94102-4514

CLERK OF THE COURT
May An Moran
BY_____ Deputy Clerk

PLAINTIFF/PETITIONER: Circle Click Media LLC

DEFENDANT/RESPONDENT: Regus

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CGC-12-520600 |
| | Ref. No. or File No.: |
| | none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   Summons, Civil Case Cover Sheet, Complaint, ADR Package

3. a. Party served: Regus Management Group, LLC., a Delaware limited liability company

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served:   2710 N Gateway Oaks Dr Ste 150
   Sacramento, CA  95833

5. i served the party
   a. **by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 6/28/2012       (2) at  (time): 1:52 PM**

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Regus Management Group, LLC., a Delaware limited liability company

   under:       CCP 416.10 (corporation)

7. **Person who served papers**
   a.  Name:        Michelle Dodd
   b.  Address:     One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA  94947

   c.  Telephone number: 415-491-0606
   d.  The fee for service was:  $ 35.95
   e I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii)  Registration No.: 2011-42
           (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  6/29/2012

Michelle Dodd
(NAME OF PERSON WHO SERVED PAPERS)

*Michelle Dodd*
(SIGNATURE)

| Form Adopted for Mandatory Use | | Code of Civil Procedure, § 417.10 |
|---|---|---|
| Judicial Council of California POS-010 | | |
| [Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |

# EXHIBIT 3

# ORIGINAL

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Ali A Aalaei, 254713<br>Ari Law, P.C.<br>22 Battery Street, Suite #1000<br>San Francisco, CA 94111<br>    **TELEPHONE NO.:** (415) 357-3600<br>**ATTORNEY FOR** (Name): Plaintiff | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>JUL 09 2012<br><br>CLERK OF THE COURT<br>BY: _May An Moran_<br>                Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Family Court<br>San Francisco, CA 94102-4514 | |
| **PLAINTIFF/PETITIONER:** Circle Click Media LLC<br><br>**DEFENDANT/RESPONDENT:** Regus | **CASE NUMBER:**<br>CGC-12-520600 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Civil Case Cover Sheet, Complaint

3. a. Party served: Regus Business Centre LLC, a Delaware limited liaility company

   b. Person Served: CSC -Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
                                      Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 6/28/2012       (2) at (time): 1:52 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Regus Business Centre LLC, a Delaware limited liaility company

   under:       CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:      Michelle Dodd
   b. Address:    One Legal - 194-Marin
                504 Redwood Blvd #223
                Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2011-42
         (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/29/2012

Michelle Dodd                                     _Michelle Dodd_
(NAME OF PERSON WHO SERVED PAPERS)                      (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

# EXHIBIT 4

| | | POS-010 |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ALI AALAEI    (Bar # 254713)
ARI LAW, P.C.
22 BATTERY ST STE 1000, SAN FRANCISCO, CA 94111
TELEPHONE NO.: (415) 357-3600    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  CIRCLE CLICK MEDIA LLC, PLAINTIFF

**FOR COURT USE ONLY**

**F I L E D**
Superior Court of California
County of San Francisco

JUL 09 2012

**CLERK OF THE COURT**
BY: *May Ann Morgan*
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER ST
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO  94102
BRANCH NAME:

PLAINTIFF/PETITIONER:  CIRCLE CLICK MEDIA LLC

DEFENDANT/RESPONDENT:  REGUS MANAGEMENT GROUP, LLC., et al.

CASE NUMBER:
CGC-12-520600

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NOTICE TO PLAINTIFF

3. a. Party served *(specify name of party as shown on documents served):*
      REGUS PLC,  a Jersey, Channel Islands, public limited company

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      JAIME BISHOP - GENERAL MANAGER

4. Address where the party was served: 50 CALIFORNIA ST STE 1500
      SAN FRANCISCO, CA 94111
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. [X] **by substituted service.** On *(date):* 6/28/2012  at *(time):* 11:24 AM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      GLORIA "DOE" (WHT FEM/48/5'9"/BRN HAIR) - HOSTILE RECEPTIONIST
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/28/2012 from *(city):* SAN FRANCISCO  **or** [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER:   CIRCLE CLICK MEDIA LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   REGUS MANAGEMENT GROUP, LLC., et al. | CGC-12-520600 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                                    (2)  from *(city):*

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):*  REGUS PLC
       under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)                 ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)          ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association) ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                ☐  415.46 (occupant)
                                            ☒  other:  PUBLIC LIMITED COMPANY (PLC)

7.  **Person who served papers**
   a.  Name:  PETER WITH
   b.  Address:  PROSERVICEPLUS; 828 FRANKLIN ST, SAN FRANCISCO, CA 94102
   c.  Telephone number:  (855) 440-1888
   d.  **The fee** for service was: $
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
           (i)  ☒ owner   ☐ employee   ☐ independent contractor.
           (ii)  Registration No.:  303
           (iii)  County:  San Francisco

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 28, 2012

PETER WITH
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)

▶                                          (SIGNATURE )

# EXHIBIT 5

1  **BRYAN CAVE LLP**
   K. Lee Marshall, California Bar No. 277092
2  Meryl Macklin, California Bar No. 115053
   Daniel Thomas Rockey, California Bar No. 178604
3  333 Market Street, 25th Floor
   San Francisco, CA 94105
4  Telephone:     (415) 675-3400
   Facsimile:     (415) 675-3434
5  Email:         klmarshall@bryancave.com
                  meryl.macklin@bryancave.com
6                 daniel.rockey@bryancave.com

7  Attorneys for Defendant
   REGUS MANAGEMENT GROUP, LLC

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF SAN FRANCISCO**

11

12  CIRCLE CLICK MEDIA LLC, a California          Case No.: CGC-12-520600
    limited liability company, on behalf of itself
13  and on behalf of all others similarly situated,

                                                  **NOTICE TO PARTIES AND STATE**
14            Plaintiff,                          **COURT OF REMOVAL OF CIVIL**
                                                  **ACTION TO FEDERAL COURT**
15       v.

16  REGUS MANAGEMENT GROUP LLC, a
    Delaware limited liability company, REGUS
17  BUSINESS CENTRE LLC, a Delaware
    limited liability company; REGUS PLC, a
18  Jersey, Channel Islands, public limited
    company; and DOES 1 through 50,

19            Defendants.

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    **TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF**

2    **THE ABOVE-ENTITLED COURT:**

3        **PLEASE TAKE NOTICE THAT** pursuant to the Class Action Fairness Act ("CAFA"),

4    28 U.S.C. §§ 1332 and 1453 and 28 U.S.C. §§ 1441 and 1446, a Notice of Removal of this Action

5    was filed in the United States District Court for the Northern District of California on July 30,

6    2012, for the purpose of removing this action to federal court.

7        A copy of the Notice of Removal is attached to this Notice as Exhibit A and is served and

8    filed herewith.

9        Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to this

10   case "unless and until the case is remanded."

11

12   Dated: July 30, 2012                    **BRYAN CAVE LLP**

13

14                                           By: _____

15                                               K. Lee Marshall
                                                 Attorneys for Defendant
16                                               REGUS MANAGEMENT GROUP, LLC

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

SF01DOCS\94153.1

1