UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRCLE CLICK MEDIA LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>REGUS MANAGEMENT GROUP LLC, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-04000-SC   (JSC)<br><br>**ORDER RE: DISCOVERY LETTER BRIEF #3**<br><br>Re: Dkt. No. 164 |

　　　　Plaintiffs Circle Click Media LLC ("Circle Click") and CTNY Insurance Group LLC ("CTNY") (collectively, "Plaintiffs") bring this putative class action against Regus Management Group LLC ("RMG"), Regus Business Centre LLC ("RBC"), Regus plc, and HQ Global Workplaces LLC ("HQ Global") (collectively "Defendants").  Now pending before the Court is the parties' joint discovery letter concerning the deposition of Dominique Yates, the Chief Financial Officer of the Regus Group of companies and a director of Regus plc.  (Dkt. No. 164.)  Upon consideration of the papers submitted by the parties and the arguments of counsel at a hearing held on March 27, 2014, the Court concludes Defendants' motion for a protective order should be GRANTED.

## BACKGROUND

　　　　In response to the Complaint, Regus plc filed a 12(b)(1) motion to dismiss on the ground that it is a foreign entity operating outside of California.  The Court concluded that Plaintiffs failed to demonstrate specific jurisdiction over Regus plc and proffered insufficient facts to support an exception to the general rule that "the existence of a parent-subsidiary relationship 'is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.'"  *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 12-04000 SC, 2013 WL 5786, at *4 (N.D. Cal. Jan. 3, 2013) (emphasis added) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)).  Judge Conti permitted Plaintiffs to take

jurisdictional discovery to collect evidence relevant to their alter ego and agency theories of personal jurisdiction, under which "the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." *Id.*

To that end, Plaintiffs seek to depose Yates about Regus plc's financials and Annual Reports and Accounts ("ARAs"), which Plaintiffs believe support their alter ego and agency theories. Regus plc objected to Plaintiffs' notice of Yates's deposition "on the grounds that (1) he was extremely busy, (2) Plaintiffs had not shown that Mr. Yates' deposition was necessary to address personal jurisdiction issues as other representatives can adequately testify to the company's ARAs and financials, and (3) Mr. Yates lives and works in Switzerland, making it unreasonable to require him to travel to San Francisco for a deposition—particularly when this Court's personal jurisdiction over Regus plc has not been established." (Dkt. No. 164 at 2.) Regus plc then moved for a protective order (Dkt. No. 98), and reiterated that request in the parties' joint letter (Dkt. No. 164 at 1).

## DISCUSSION

Federal Rule of Civil Procedure 26 "states that, in general, any matter relevant to a claim or defense is discoverable." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order must show that "harm or prejudice . . . will result from the discovery." *Rivera*, 364 F.3d at 1063. This burden is not met by "relying on conclusory statements;" instead, the party must articulate "a particular and specific need for a protective order." *Koh v. S.C. Johnson & Son, Inc.*, No. C09–00927 RMW, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011). Even when good cause for a protective order is demonstrated, "a court should balance the interests in allowing discovery against the relative burdens that would be imposed." *Id.*

Although a party opposing a deposition "carries a heavy burden to show why discovery should not be denied, "courts are sometimes willing to protect high level corporate officers from depositions when the officer has no first hand knowledge of the facts of the case or where the

officer's testimony would be repetitive." *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006) (internal quotation marks and citation omitted). Accordingly, when determining whether to allow the deposition of a high-level executive, known as an "apex" deposition, the Court considers "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011).

Defendants argue that Plaintiffs already obtained testimony on the topics about which they seek to depose Yates by deposing Timothy Regan, the Company Secretary of Regus plc, in both his individual capacity and as a Rule 30(b)(6) of the Regus Group. In particular, according to Defendants, Regan testified that Regus plc does not control the operations of its California subsidiaries, does not receive financial statements specific to the California operations, and is only a holding company that does not provide goods or services. Defendants contend that Yates' deposition would be impose undue expense and burden given that, in addition to Regan's two-day deposition, Defendants have responded to Plaintiffs' extensive written discovery relating to personal jurisdiction and produced over 2,000 pages of documents, including financial statements.

Plaintiffs insist that they must depose Yates because Regan provided testimony inconsistent with the ARAs about whether Regus plc exercises control over the other defendants. Contrary to Regan's testimony, the Annual Reports "tout[] the control that Regus plc exercises over subsidiaries," and "Yates is one of two Directors who attested to the 2012 ARA's accuracy." (Dkt. No. 164 at 2-3). Plaintiffs argue that "other than possibly [Regus plc's] CEO, Mr. Yates is the only person suited to testimony about control over subsidiaries and the importance of Regus plc's subsidiaries to its operations" and "[t]here is no lower level employee with more intimate knowledge." (*Id.* at 8.) If not permitted to depose Yates, they argue they "would not otherwise have the opportunity to test Mr. Regan's representations against another witness with appropriate knowledge of Annual Reports." (*Id.* at 3.)

Under the proportionality analysis called for by Federal Rule of Civil Procedure 26, the

Court must weigh Plaintiffs' need to depose Yates against the burden the deposition would impose on Defendants. During Regan's two-day deposition, there was only one issue that Regan did not address to Plaintiffs' satisfaction: the financial significance of the California operations to the Regus Group overall. To supplement Regan's response, Defendants provided Plaintiffs evidence that between 2008 and 2013, it derived between 15.1% and 16.7% of revenues from California subsidiary operations. (Dkt. No. 164 at 8.) Plaintiffs contend that they must depose Yates to probe the significance of these figures to their alter ego and agency theories.

The Court concludes that Plaintiffs' request to depose Yates is not warranted. The burden and expense associated with Yates's deposition far outweighs the relevance of this limited issue of revenue to the already narrow scope of jurisdictional discovery. If Plaintiffs wish to probe the figures Defendants provided, they can do so with far less burdensome discovery methods, such as interrogatories. The Court finds it particularly significant that Yates was not a director of Regus plc before the 2012 annual report; jurisdiction, however, is determined at the time the complaint is filed, at which point Yates was not even employed by Regus plc. To the extent he has knowledge that predates his arrival it would necessarily derive from other sources.

Accordingly, the Court GRANTS Defendants' request for a protective order for the deposition of Dominique Yates.

**IT IS SO ORDERED.**

Dated: April 3, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge