UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRCLE CLICK MEDIA LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REGUS MANAGEMENT GROUP LLC, et al.,<br><br>    Defendants. | Case No. 12-cv-04000-SC  (JSC)<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL EXHIBITS TO JOINT DISCOVERY LETTERS 1, 2, AND 3**<br><br>Re: Dkt. Nos. 162, 163 |

Plaintiffs Circle Click Media LLC ("Circle Click") and CTNY Insurance Group LLC ("CTNY") (collectively, "Plaintiffs") bring this putative class action against Regus Management Group LLC ("RMG"), Regus Business Centre LLC ("RBC"), Regus plc, and HQ Global Workplaces LLC ("HQ Global") (collectively "Defendants"). Now pending before the Court are two administrative motions to file under seal exhibits to the parties' three Joint Letter Briefs (Dkt. Nos. 159, 161, 164). The first motion concerns (1) Exhibits 9, 10, 12 and 13 to the Declaration of Joseph A. Garofolo in Support of Joint Letter Brief Nos. 1 and 2 Regarding Personal Jurisdiction Requests, and (2) Exhibits A and B to the Declaration of Stephanie A. Blazewicz in Support of Joint Letter Brief #1 and Joint Letter Brief #2. (Dkt. No. 162.) The second motion seeks to file under seal Exhibits D and E to the Declaration of Stephanie A. Blazewicz in Support of the Joint Letter Brief Regarding Defendant Regus plc's Motion for Protective Order. (Dkt. No. 163.)

## DISCUSSION

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good

cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a).  A party must "narrowly tailor" its request to sealable material only.  *Id.*

I.   **Motion to Seal Exhibits and Testimony Submitted in Support of Joint Letter Briefs Nos. 1 and 2 Regarding Personal Jurisdiction (Dkt. No. 162)**

Defendant moves to file under seal Exhibits 9, 10, 12 and 13 to the Declaration of Joseph A. Garofolo, as well as Exhibits A and B to the Declaration of Stephanie A. Blazewicz, filed in support of Letter Briefs Nos. 1 and 2.

A.   **Exhibit 9**

Exhibit 9, titled "Regus Group plc Investment Policies and Procedures, New Centres & Acquisitions," and Bates numbered REGUS02316-22, is "a copy of the Regus Group's Investment Policies and Procedures, which set forth the investment process that the Regus Group employs." (Dkt. No. 162-1 at ¶ 3.)  Because this document contains information that could give Defendant's competitors an advantage if disclosed, the Court finds good cause to seal it.

B.   **Exhibit 10**

Exhibit 10 is the Full Service Management Agreement by and between HQ Global Workplaces LLC and Regus Management Group LLC and the Full Service Management Agreement by and between Regus Business Centre LLC and Regus Management Group LLC, Bates numbered REGUS00194-228.  (*Id.*)  Because "[t]hese agreements describe the services that are provided by Regus Management Group LLC and set forth the business relationships between these entities, which is proprietary and confidential information providing Regus Group a competitive advantage" (*id.*), the Court agrees that good cause exists to maintain the document under seal.

C.   **Exhibit 12**

Exhibit 11 consists of selected pages of "the condensed transcript" of Regan's individual deposition on December 3, 2013.  (Dkt. No. 162-5 at ¶ 14.)  Counsel states that the "lines of the excerpts of the transcript attached hereto as Exhibit 12 referenced by Plaintiffs in the Joint Letter

2

Briefs have been highlighted." (*Id.*) The Court notes that only a small percentage of the pages submitted in Exhibit 12 are highlighted—7 out of 22. Defendant does not explain why they have submitted the non-highlighted pages, or, more significantly, why they seek to seal them. Because a party must narrowly tailor its request for sealing, the Court only considers the highlighted testimony.

On Page 111:15-21 and pages 115:14-117:18, and 148:22-151:15, Regan discusses his understanding of the term "control," and states that the extent of control Regus plc exerts over a subsidiary is that it could make a request to a subsidiary's board as a result of its majority interest. There is no need for Regan's abstract understanding of the term "control" to be kept confidential.

On pages 148:22 through 151:15, Regan testifies about a document, marked as Exhibit 5, which describes the rationale for forming Regus plc. Regan specifically explains that because Regus plc is a publicly-held company, subject to disclosure objections, his testimony about the purpose of Regus plc's formation directly reflects the document's text. Given that Regan's testimony expressly reflects only the rationale for Regus plc's that was made public, the Court finds no reason to seal this excerpt.

**D.     Exhibit 13**

Exhibit 13 consists of excerpts of the Rule 30(b)(6) deposition of Regan taken on December 13, 2013. Again, because the pages submitted include only a relatively small amount of highlighted testimony, the Court limits its consideration of the motion to those highlighted portions. On Page 33:14 through 34:22, and 136:5-8, Regan is asked to read from "Regus PLC Annual Report and Accounts 2012." The Court has no reason to believe this is not a publicly available document and sees no purpose in sealing this testimony. Pages 111:15 through 116:4 consists almost exclusively of a dispute between counsel about an attorney-client privilege objection and contains no substance about the answer to the question posed. There is no good cause to seal any portion of this excerpt.

On page 149:7-15, Regan testified that Regus plc does not operate its own intranet, and then agreed that the reference to "the company's intranet" in a document was therefore inaccurate. The Court finds no good cause to seal the testimony.

On pages 107:21 through 108:9, Regan discusses some of the corporate structure and chain in the Regus Group. The Court finds good cause to seal this testimony, as it could provide information advantageous to Defendant's competitors.

### E. Exhibits A

Exhibit A to the Blazewicz Declaration consists of excerpts of Regan's individual deposition on December 3, 2013.

The Court finds that none of the excerpts warrant sealing, with one narrow exception. Specifically, to the extent they are not publicly available, Defendant may redact the dollar amounts of net assets held by Regus Management Group disclosed at page 118:1 and by HQ Global Workplaces LLC on page 118:10.

The Court does not find good cause the seal the remaining excerpts. First, throughout the testimony submitted, Regan is asked to define the terms "holding company," "operations," "operating company," "agent," "control." Regan's understanding of these terms, discussed in the abstract, need not be kept confidential. Second, the substance of the testimony is recounted by Defendants in publicly-filed Joint Letter Briefs #1 and #2. In particular, Letter Brief #1 recounts Regan's testimony that (1) "Regus Corporation is the U.S. holding company for all of the Regus Group subsidiaries in the United States" (Dkt. No. 159 at 5), (2) "[t]he remaining non-party Regus entities are foreign intervening entities in the corporate chain between Regus Corporation and Regus plc" (*id.*), (3) "the intranet is not maintained by Regus plc" (*id.* at 6), (4) "Regus plc has no day-to-day operations and no direct contact with California." (*id.*). Similarly, in Letter Brief #2, Defendant summarizes Regan's testimony that (1) "Regus plc is a foreign, publicly-traded holding company with no day-to-day operations" (Dkt. No. 161 at 4), (2) "RMG is responsible for operations in the United States" (*id.*), (3) "Regus plc has no involvement" with the Office Service Agreement, Terms & Conditions, House Rules, and Service Price Guide" (Dkt. No. 161 at 6), and (4) "Regus plc has not guaranteed any leases in California" (*id.*). The testimony does not include any more detailed or confidential information that warrants sealing. *See Optimize Tech. Solutions, LLC. v. Staples, Inc.*, 14-MC-80095-LHK-HRL, 2014 WL 1477651, at *4 (N.D. Cal. Apr. 14, 2014) (holding that "parties may not seek to seal information that is contained in publicly filed

4

papers").

Finally, in pages 105:11 through 109:20, Regan is asked to review his declaration submitted in support of Defendant's motion to dismiss and to identify which of the paragraphs in the declaration were based on his personal knowledge. Regan stated that he had personal knowledge of the majority of facts in the declaration, although for some he was informed by other people or corporate records. The Court sees no reason why this testimony must be kept confidential and will not seal it.

**F.     Exhibit B**

Exhibit B to the Blazewicz Declaration consists of excerpts of Regan's Rule 30(b)(6) deposition on December 4, 2013. Although the Court will seal one limited excerpt, the vast majority of Regan's testimony appears in the parties' publicly-filed Letter Briefs #1 and #2. Specifically, Defendant's portions of the letters state that (1) "Regus plc has no operations or activities in California" (Dkt. No. 159 at 3), (2) "Regus plc has no day-to-day operations at all" (*id.* at 4), (3) "[t]he remaining non-party Regus entities are foreign intervening entities in the corporate chain between Regus Corporation and Regus plc" (*id.* at 5), (4) "the intranet is not maintained by Regus plc" (*id.* at 6), (5) "[o]nly Regus Management Group, LLC has employees in California"  (*id.* at 7), (6) "Regus plc does not dictate and is not apprised of the day-to-day operations of Regus Management Group LLC's California operations" (*id.)*, (7) "Regus plc does not receive or review financial reports that focus only on the California operations of RMG" (*id.*), and (8) "Mr. Dixon held meetings with regional executives through his role as CEO of a separate Regus entity, not as a director of Regus plc" (*id.* at 8).

Moreover, Letter Brief #2 restates Regan's testimony that (1) "RMG is responsible for operations in the United States," (2) "Regus plc is a foreign, publicly-traded holding company with no day-to-day operations, (3) "Regus plc has not guaranteed any leases in California."  (Dkt. No. 161 at 4.)

Good cause does exist, however, to seal Regan's testimony on pages 108:16 through 110:11, in which he gives a detailed description about the entities in the corporate chain between Regus Corporation and Regus plc.

## II. Defendant's Motion to Seal Deposition Testimony Submitted in Support of Joint Letter Brief Regarding Defendant Regus plc's Motion for Protective Order (Dkt. No. 163)

Defendant moves to file under seal Exhibits D and E to the Declaration of Stephanie A. Blazewicz in Support of its Joint Letter Brief Regarding Defendant Regus plc's Motion for Protective Order (Dkt. No. 163.)

### A. Exhibit D

Exhibit D consists of 13 pages of Regan's individual deposition on December 12, 2013: pages 65-67, 101, and 111-19. (Dkt. No. 163-11.) The Court addressed these pages in the context of Exhibit A to the Blazewicz Declaration, *see supra* section I.E, and declines to seal the testimony—with the exception of the dollar amount of net assets held by Regus Management Group disclosed at page 118:1 and by HQ Global Workplaces LLC on page 118:10.

In addition to being discussed in Joint Letter Briefs #1 and #2, much if not all of the substance of Regan's deposition is discussed in the parties' publicly-filed Joint Letter Brief #3 (Dkt. No. 164 at 5.) For example, in support of its motion for a protective order, Defendant explained that Regan testified that (1) "Regus plc does not control the operations of its California subsidiaries" (2) "Regus plc is a publicly traded holding company that does not trade in goods and services" and (3) Regus plc "indirectly owns a majority interest in the subsidiaries." (*Id.*) There is nothing above and beyond these facts in Regan's testimony that must be kept under seal. *See Optimize Tech. Solutions, LLC*, 2014 WL 1477651, at *4.

### B. Exhibit E

Exhibit E consists of 10 pages from Regan's testimony as a Rule 30(b)(6) witness for Regus plc: pages 38, 306-07, 314-320. The Court addressed these portions of Regan's deposition in the context of Exhibit B to the Blazewicz Declaration. *See supra* section I.F. Moreover, as with Exhibit D, the substance of pages 306:11 through 307:20 is summarized by Defendant's statement in Joint Letter Brief #3 that "Regus plc receives and reviews consolidated financial statements for Regus Group and certain segments such as Regus Americas, but Regus plc does not receive financial statements that are specific of the California operations." (Dkt. No. 164 at 5.) There is no reason to seal the underlying testimony. Similarly, Regan's testimony that Regus plc

6

does not have "day to day affairs" on page 38 is discussed in Joint Letter Brief #1.  (Dkt. No. 159 at 4).

## CONCLUSION

For the foregoing reasons, the motions to seal are GRANTED in part and DENIED in part. The parties may file under seal (1) Garofalo Exhibit 9, (2) Garofalo Exhibit 10, (3) Regan's individual deposition pages 118:1 and 118:10 (dollar amounts), and (4) Regan's 30(b)(6) deposition pages 107:21-108:9 and 108:16-110:11.

This Order disposes of Docket Nos. 162 and 163.

**IT IS SO ORDERED.**

Dated:  May 1, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7