United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRCLE CLICK MEDIA LLC, et al., | Case No.  12-cv-04000-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| REGUS MANAGEMENT GROUP LLC, et al., | Docket No. 340 |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs Circle Click Media, LLC, Metro Talent, LLC, and CTNY Insurance Group, LLC brought a putative class action against Defendants Regus Management Group LLC, Regus Business Centre LLC, Regus plc, and HQ Global Workplaces LLC.  Docket No. 1.  Defendants subsequently moved to dismiss Plaintiffs' case for lack of standing, which the Court (per Judge Conti) denied.  Docket No. 335.  Currently before the Court is Defendants' motion for leave to file a motion for reconsideration of the order denying motion to dismiss.  Docket No. 340.  For the reasons stated below, the Court **DENIES** Defendants' motion for leave.

## II.    BACKGROUND

The instant action arose out of Plaintiffs' lease of Defendants' commercial office space.  *See* Docket No. 335.  Defendants advertised fully equipped offices for one all-inclusive monthly price.  *Id.* at 3.  The named Plaintiffs entered into Office Service Agreements ("OSA") with the Defendant.  *Id.* at 5-6.  The OSA describes the monthly office fee, the location of the office space, the term of the agreement, and the parties to the agreement.  *Id.* at 3.  Following the signing of the OSA, Plaintiffs were charged for fees in addition to the expected monthly rental price in the OSA.  *Id.*

United States District Court
For the Northern District of California

1    Plaintiffs filed this suit against Defendants, alleging that Defendants routinely assessed

2    Plaintiffs for charges not disclosed in the OSA.  Docket No. 65 (Second Amended Complaint

3    ["SAC"]).  The Court dismissed several of Plaintiffs' claims with prejudice, leaving the following

4    causes of action: (1) violation of California's Unfair Competition Law (UCL); (2) violation of

5    California's False Advertising Law; (3) and unjust enrichment.  Docket No. 77.  Defendants

6    asserted counterclaims in their answer to the SAC, including Plaintiff CTNY's failure failed to pay

7    various fees not described in the OSA.  *Id.* at 7.

8    Defendants then moved to dismiss Plaintiffs' case for lack of standing.  Docket No. 271.

9    On the UCL and FAL claims, the Court denied Defendants' motion to dismiss for lack of standing

10   because (1) the UCL and FAL apply to any "person who has suffered injury in fact and has lost

11   money or property as a result" of the alleged wrongful conduct and (2) Plaintiffs suffered injury in

12   fact as a result of the alleged FAL and UCL violations.  Docket No. 335 at 9-11.  The Court also

13   denied Defendants' motion to dismiss Plaintiffs' unjust enrichment claim, holding that unjust

14   enrichment may survive the pleading stage when pled as an alternative avenue of relief.  Docket

15   No. 335; Docket No. 59 at 25-26.

16   Defendants now seek leave to file a motion for reconsideration of the Court's denial of

17   Defendants' motion to dismiss for lack of standing, arguing that the Court erred by failing to

18   consider material facts and dispositive legal arguments relating to Plaintiffs' standing to bring

19   their claims.  Docket No. 340 at 3.  Specifically, Defendants argue that the court erred by not

20   analyzing the standing issue with respect to each type of fee Defendants have articulated.  *Id.*

21   These fees fall into 3 categories: (1) fees Plaintiffs do not allege in the SAC to have paid, and in

22   fact were never charged; (2) the fees Plaintiffs allege in the SAC to have paid, but in fact did not

23   pay; and (3) the fees Plaintiffs paid.  *Id.*

### III.    DISCUSSION

25   Local Rule 7-9(a) requires a party to seek leave of Court before filing a motion for

26   reconsideration.  In a motion for leave, the moving party must demonstrate that (1) a material

27   difference in fact and law exists from that which was presented to the Court; (2) new law or

28   material facts have emerged; or (3) the Court manifestly failed to consider material facts or

1    dispositive legal arguments.  Civ. L.R. 7-9(b).

2        The Rules prohibit a party from repeating arguments already presented to the Court.  Civ.

3    L.R. 7-9(c).  Furthermore, a motion for reconsideration is an "extraordinary remedy, to be used

4    sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters. v.*

5    *Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).  Thus, "a motion for reconsideration should

6    not be granted, absent highly unusual circumstances, unless the district court is presented with

7    newly discovered evidence, committed clear error, or if there is an intervening change in the

8    controlling law."  *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

9        Here, Defendants argue that the Court erred by failing to analyze standing as to each

10   specific fee.  Docket No. 340.  To establish standing under the UCL, as amended by Proposition

11   64, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify

12   as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of,

13   i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim."

14   *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).  Proposition 64 thus renders

15   standing under the UCL "substantially narrower than federal standing under article III."  *Id.* at

16   324.

17       Defendants do not take the position that Plaintiffs lack standing because they did not suffer

18   any harm as a result of the charged fees.  Docket No. 340.  Instead, Defendants propose that the

19   Court must examine standing in the context of each *individual* fee.  Defendants fail to provide any

20   law in support of this proposition, and the Court did not find any cases suggesting that it is

21   appropriate to parse out standing based on every individual fee charged.  *See id.*

22       It is clear Plaintiffs have suffered economic injury as a result of Defendants' allegedly

23   deceptive acts.  Docket No. 335 at 13.  Having signed the OSA and paid some fees which they

24   claim exceeded the amounts disclosed in the OSA, Plaintiffs were "deprived of money or

25   property" and "required to enter into a transaction, costing money or property, that would have

26   otherwise been unnecessary."  *Kwikset*, 51 Cal. 4th at 323.  Here, Plaintiffs relied on Defendants'

27   representations that the only rental fees were those established in the OSA.  As a result of

28   Defendants' alleged deception of charging fees above and beyond the OSA's listed rental fee,

United States District Court
For the Northern District of California

3

1   Plaintiffs suffered an injury and established standing to bring their claim.  So long as each Plaintiff

2   suffered some injury, the precise nature and amount of fees actually paid or charged to each

3   Plaintiff goes to damages, not the threshold question of standing.

### IV.   CONCLUSION

5          Because there is no clear error or manifest failure to consider material facts or dispositive

6   arguments, Defendants' motion for reconsideration is **DENIED**.

7          This order disposes of Docket No. 340.

9          **IT IS SO ORDERED**.

11  Dated: December 10, 2015

EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

4