UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRCLE CLICK MEDIA LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REGUS MANAGEMENT GROUP LLC, et al.,<br><br>Defendants. | Case No.  12-cv-04000-EMC<br><br>**ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Docket Nos. 347, 358, 360 |

In connection to Plaintiffs' motion for summary judgment, the parties have filed several administrative motions to file under seal. Docket Nos. 347, 358, 360. The administrative motions to file under seal are largely related to Regus's training materials and internal documents.

In general, when determining whether to grant a motion to file under seal, the Court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and internal modifications omitted). If the Court "decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation omitted) "Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

The presumption of the public's right of access is rebutted when at issue is a non-dispositive motion. *Id.* at 1179. The rationale is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often

1  unrelated, or only tangentially related, to the underlying cause of action." *Id.* Thus, "[t]he public
2  policies that support the right of access to dispositive motions, and related materials, do not apply
3  with equal force to non-dispositive materials." *Id.*

4  As to motions for class certification, "[t]he Ninth Circuit has not ruled as to whether a
5  motion for class certification is a dispositive motion for the purposes of determining whether the
6  compelling reasons standard applies." *English v. Apple Inc.*, Case No. 14-cv-01619-WHO, 2015
7  U.S. Dist. LEXIS 104017, at *4 (N.D. Cal. Aug. 6, 2015) (citation omitted). While the courts in
8  this district generally treat motions for class certification as nondispositive, they have also
9  acknowledged that a motion for class certification can be dispositive where the "denial of class
10 status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.*
11 (citation omitted). Thus, in *English*, the district court applied the compelling reasons standard
12 because the individual damages were "sufficiently limited that it is not plausible that she would
13 continue to litigate the case if certification is denied." *Id.* at *5. Here, because the Court has in
14 fact denied class certification, and Judge Conti previously found that "the individual claims are
15 expected to be less than $3,000 each" in this case, the Court considers the motion dispositive and
16 will apply the compelling reasons standard. *See* Docket No. 335 at 32; Docket No. 374.

17 It is unclear what standard Regus applies in support of the motions to seal. However, at
18 this juncture, the Court does not believe that Regus has shown a compelling reason to seal all of
19 the documents at issue. The Ninth Circuit is clear that "the party must articulate compelling
20 reasons supported by specific factual findings that outweigh the general history of access and the
21 public policies favoring disclosure, such as the public interest in understanding the judicial
22 process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and modifications omitted). For
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

that reason, the Court **DENIES** the motions to seal without prejudice. Regus may file a revised declaration narrowing its sealing request and/or articulating specific reasons justifying those requests within **fourteen days** of this order. If Regus does not do so, the parties will be required to file the documents on the public docket.

This order disposes of Docket Nos. 347, 358, and 360.

**IT IS SO ORDERED**.

Dated: March 14, 2016

_____
EDWARD M. CHEN
United States District Judge